The Court

then conferred together, and the Chief Justice instructed the jury that they might find the prisoner guilty of a lower offence, if they were all convinced that an assault was made by him with intent to commit the crime charged in the indictment; that the Court, whatever their own impressions might be, were not desirous of gaining an opinion from the jury, after due deliberation and the exercise of a sound discretion, and doubts still remaining in the mind of a juror; but there would be no inconsistency in those of the jury who believed the crime to have been actually committed, as charged, to find the prisoner guilty of an assault with an intent to commit the crime, which, by the statutes on this subject, (1) as construed by the Court, was necessarily included in the greater crime, (a)
The jury retired, and in a few minutes returned with a verdict of guilty of an assault with an intent to commit a rape; and the verdict was received and recorded.

 Stat. 1784, c. 66, § 11; 1805, c. 97.

 The only exception to this rule seems to be, where the prisoner, by being originally indicted for a different offence, would be deprived of any advantage which he would otherwise be entitled to claim, in which case the prosecutor is not allowed to oppress the defendant by altering the mode of proceedings. — 1 Chitty, Crim. Law, 639.